DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before us on appeal from the Toledo Municipal Court, which denied relief on appellant's complaint to evict appellees from leased premises owned by appellant. Pursuant to 6th Dist.Loc.R. 12(C), we sua sponte place this case on our accelerated calendar, and we affirm the judgment of the trial court.
 {¶ 2} Appellant, Duane J. Tillimon, filed a complaint for eviction in the trial court seeking to evict appellees from leased commercial property owned by appellant. According to appellant, appellees breached the lease in the following ways: (1) in failing to pay rent for the month of February 2001; (2) in permitting an unauthorized sublease of the premises; and (3) in failing to make required payments for common area maintenance. The case was tried to the bench, and the trial court denied recovery on the complaint, finding that: (1) appellees tendered the rent in a timely manner in accordance with the lease; (2) appellee Naqid Hasan d/b/a Mighty Mart, did not make an unauthorized sublease of the premises; and (3) although appellees failed to make the required payments for common area maintenance, appellant did not provide notice of default as provided for in the lease. Appellant now appeals, setting forth the following assignment of error:
 {¶ 3} "I. The trial court committed reversible error when it denied judgment for restitution of the property to the landlord on the first cause of action in the forcible entry and detainer action."
 {¶ 4} The Supreme Court of Ohio has set out the standard of review for a trial court judgment following a bench trial. According to the Ohio Supreme Court, an appellate court should be "guided by a presumption" that the fact-finder's findings are correct. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 79-80. Following this guide, the appellate court should not reverse the trial court's judgment unless it is against the manifest weight of the evidence; in other words, an appellate court shall not reverse if the judgment is supported by "`some competent, credible evidence going to all the essential elements of the case * * *.'" Id. at 80, quoting C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. The Ohio Supreme Court also stated that an appellate court "should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." Seasons Coal, 10 Ohio St.3d at 80.
 {¶ 5} In this case, the trial court made the findings of fact and conclusions of law set out above. Upon review of the record, we find that the trial court's judgment was supported by competent and credible evidence. Accordingly, appellant's assignment of error is found not well-taken.
 {¶ 6} Upon consideration whereof, we find that substantial justice was done the party complaining, and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., James R. Sherck, J., and Mark L. Pietrykowski,P.J., CONCUR.